IN THE MATTER OF THE PROPOSED ASSESSMENT OF ADDITIONAL SALES AND USE TAX FOR THE PERIOD APRIL 1, 1970 THROUGH DECEMBER 31, 1973 AGAINST ROBINSON O. EVERETT AND WIRT SMITH T/A TARA APARTMENTS

No. 7910SC47

(Filed 6 May 1980)

Taxation § 31.1— laundry machines in apartments—sales tax levied on receipts

Apartment building owners who maintain laundry machines for tenants must pay sales tax on the gross receipts from the machines. G.S. 105-164.4(4).

APPEAL by petitioners-taxpayers from *Preston, Judge*. Judgment entered 6 September 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 21 September 1979.

Appellants owned and operated apartment buildings in the City of Raleigh in which they owned and maintained coin-operated washers and dryers for the benefit of the tenants. The North Carolina Department of Revenue assessed sales and use taxes against the appellants based on the receipts from these coin-operated washers and dryers. The appellants paid the tax under protest and sought administrative review. They received adverse rulings from the Secretary of Revenue, the Tax Review Board, and the superior court. They have appealed to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Everett, Everett, Creech and Craven, by Robinson O. Everett and William A. Creech, for petitioner-appellants.*

WEBB, Judge.

The only issue in this appeal is whether the gross receipts from the laundry machines in the apartments the appellants owned were subject to the provisions of G.S. 105-164.4(4) which provides as follows:

(4) Every person, firm or corporation engaged in the business of operating a pressing club, cleaning plant, hat-blocking establishment, dry-cleaning plant, laundry (including wet or damp wash laundries and businesses known as launderettes and launderalls), or any similar-type business, or engaged in the business of renting clean linen or towels or wearing apparel, or any similar-type business, or engaged in the business of soliciting cleaning, pressing, hat blocking, laundering or rental business for any of the aforenamed businesses, shall be considered "retailers" for the purposes of this Article. There is hereby levied upon every such person, firm or corporation a tax of three percent (3%) of the gross receipts derived from services rendered in engaging in any of the occupations or businesses named in this subdivision, and every person, firm or corporation subject to the provisions of this sub-

division shall register and secure a license in the matter hereinafter provided. . . .

G.S. 105-164.3(1) provides:

(1) "Business" shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, profit, benefit or advantage, either direct or indirect. The term "business" shall not be construed in this Article to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

The Tax Review Board concluded the appellants operated the washers and dryers for profit, the activity did not constitute occasional or isolated transactions, and therefore "the taxpayers were engaged in the operation of a business similar in type to a launderette or launderall . . .," and the gross receipts derived therefrom are subject to the provisions of G.S. 105-164.4(4). We agree with the Tax Review Board.

Appellants argue that a legislative change in G.S. 105-85 (the privilege license tax) is persuasive that they are not liable under G.S. 105-164.4(4). The Department of Revenue previously took the position that owners of apartments who had coin-operated laundry machines in the apartment buildings were required to purchase privilege licenses for the operation of laundries. G.S. 105-85 was amended by 1975 N.C. Sess. Laws Ch. 828 to provide:

"launderettes and launderalls" shall not include persons who own or operate apartment buildings in which they provide such machines for the exclusive use and convenience of tenants therein, nor shall such persons be considered to be engaged in any "similar type business."

Appellants argue that this exclusion by the General Assembly from the privilege license tax of apartment building owners who maintain laundry machines for tenants shows the General Assembly did not intend such persons to pay sales tax on the gross receipts from the machines. This amendment to G.S. 105-85 was introduced as H. B. 1169. *See* 1975 House Journal, p. 796. As introduced, it excluded the payment of sales tax on the gross receipts of washing machines in apartment buildings. This exclusion was deleted before the adoption of the bill. We do not believe

the General Assembly intended by the amendment to G.S. 105-85 to exclude the payment of sales tax by apartment owners on the receipts from coin-operated washers or dryers.

Affirmed.

Judges ARNOLD and WELLS concur.